BEATTY v. REGISTRAR, BUREAU OF MOTOR VEHICLES.

[Cite as Beatty v. Registrar (1974), 41 Ohio Misc. 47.]

(No. 387641—Decided July 5, 1974.)

Franklin County Municipal Court.

*Mr. David O. Niehoff*, for plaintiff.
*Mr. George C. Smith*, prosecuting attorney, for defendant.

WEST, J. The plaintiff, Mrs. Beatty, has filed her petition in accordance with R. C. 4511.191(F), the implied consent law, and seeks to have this court nullify action taken by the registrar of motor vehicles suspending her driver's license for six months.

It appeared from the evidence she presented that Mrs. Beatty was placed under arrest for driving a motor vehicle while under the influence of alcohol; that the arresting officer had reasonable grounds to believe she had been driving a motor vehicle upon the highway in this state while under the influence of alcohol. It further appeared that Mrs. Beatty was transported to the Columbus Women's Correctional Institute where she was advised of the consequences of her refusal to submit to a chemical test by the arresting officer who in the presence of one other police officer, read to her and showed her the written form prescribed by the registrar of motor vehicles. The officer offered urine, breath or blood tests. Mrs. Beatty refused to submit. She refused all dexterity tests and was belligerent and uncooperative from the time of her arrest.

R. C. 4511.191(C) provides:

"Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit to a chemical test * * * ."

Plaintiff insists she was not advised of the consequences of her refusal "at a police station" but rather at the women's prison.

The Legislature, in the implied consent statute, has carefully detailed the arrest and notification procedure which must be taken and unless each step is followed exactly as prescribed there may be no suspension of a driver's license for refusal to submit to a test.

In this case plaintiff, being a woman, was taken to the women's correctional institute to be slated in accordance with normal police procedure. That is where female prisoners are usually booked. Male prisoners are usually booked at police headquarters. Personnel and facilities to handle the processing of prisoners are at both places.

The Legislature in R. C. 4501.01 has defined many of the terms used in R. C. Chapter 4511, but not having defined "police station" the commonly understood meaning of that language would apply. Webster's Third New International Dictionary includes in the definitions of "station" the following: "the place or position in which something or someone stands or is assigned to stand or remain" and "a place established to provide a public service."

It is our conclusion that a women's prison having personnel and facilities for processing female prisoners and at which female prisoners are usually slated, is a police station within the meaning of R. C. 4511.191(C).

The petitioner having failed to show error in the action taken by the registrar or in one or more of the four matters within the scope of the hearing, the petition is denied and the petitioner's driver's license and/or driving privilege is suspended for a period of six months commencing July 5, 1974, and the costs of these proceedings are taxed to the petitioner.

*Judgment accordingly.*